## State v. Hiram P. Dee.

### November Term, 1909.

Present: Rowell, C. J., Munson, Watson, Haselton, and Powers, JJ.

### Opinion filed May 23, 1910.

*Intoxicating Liquors—Local Option Election—Duties of Officers —Notice of Meeting—Violation of Election Laws—Information—Sufficiency.*

Under the general law governing the taking of the vote on the question of license at the annual town meetings, and §7 of the charter of St. Albans City, providing for the opening of as many sets of ballot boxes as there are wards in the city, and requiring the presiding officer of the annual meeting to designate a member of the board

of civil authority to act as ward clerk, and receive and deposit ballots in the proper boxes at the polling place of each ward, it was the duty of a member of the board of civil authority duly designated to act as ward clerk of St. Albans City at an annual meeting called for the election of city officers and to vote on the question of licensing the sale of intoxicating liquors, to deposit the ballots on the question of license in the ballot box.

Where a city charter prescribes that the annual meeting for the election of city officers shall be held at a specified time and at a place to be designated by the city council, and that notice thereof shall be posted and published in a prescribed manner,. a meeting held without the specified notice is illegal, and its proceedings void.

An information under P. S. 226, charging an election officer of St. Albans City with wilful neglect of duty in failing to deposit ballots in the ballot box, which does not show that the meeting was legally warned, is insufficient.

INFORMATION, under P. S. 226, charging nonperformance of duty as a public officer. Heard on demurrer to the information at the March Term, 1909, Franklin County, *Hall*, J.; presiding. Demurrer overruled, *pro forma*, and information adjudged sufficient.

*Hiram P. Dee pro se.*

*Elmer Johnson*, State's Attorney, for the State.

MUNSON, J.   The provisions for taking the vote on the question of license are found in P. S. 5104-5108, which are a part of Chap. 219, Title 31.   The vote is to be taken by ballot at the annual town meeting.   The only direction for conducting the balloting is that contained in §5108, which provides that the box for the reception of such ballots shall be opened at the hour the meeting is called, and be closed at three o'clock in the afternoon.

Title 3, which contains chapters 6-17, covering §§65-240, relates to general and local elections.   P. S. 154 requires certain officers to provide a sufficient number of boxes for use at local elections.   P. S. 166, 167, provide that at elections in cities and villages the election officers shall consist of the officers who by law conduct elections therein and the ballot and assisting clerks,

and that the presiding officer at each polling place shall be the official charged with that duty by the laws relating to such cities and villages. The charter of St. Albans, Acts 1896, No. 150, §7, provides for the opening of as many sets of ballot boxes as there are wards in the city, and requires the presiding officer of the annual meeting to designate one member of the board of civil authority to act as ward clerk and receive and deposit ballots in the proper boxes at the polling place of each ward. P. S. 151 provides that each set of boxes shall be considered a separate polling place so far as relates to the receiving, marking and depositing of ballots. P. S. 177 contains not only directions for marking ballots for candidates, but also directions for answering a question submitted to a vote of the people. P. S. 179 provides that the voter shall deliver his ballot to the presiding officer or person authorized to receive the same. P. S. 181 provides that no ballot without the official indorsement shall, except as otherwise provided, be deposited in the ballot box. P. S. 201 provides that such of the board of civil authority as are present, assisted by the assistant clerks and ballot clerks, shall canvass the votes cast at a local election.

P. S. 226, a section of Title 3, provides for the punishment of "a public officer upon whom a duty is imposed by the provisions of this title, who wilfully neglects to perform such duty or who wilfully performs it in such a way as to hinder the object of the provisions of this title"; with an exception not necessary to be stated. The information is based upon this section, and contains eight counts, the last four of which set up the respondent as a specially designated election officer of St. Albans City. The charge as thus stated is, in substance, that the respondent, being a duly qualified member of the board of civil authority for St. Albans City, and being present at an annual meeting for the election of city officers and for voting upon the question of licensing the sale of intoxicating liquors, was by the presiding officer thereof appointed to act as ward clerk and receive and deposit ballots in the proper boxes at the polling place of ward six; and that he accepted said appointment and assumed the duties thereof, and had charge of said polling place, and received from the voters ballots lawfully cast on the license question to be deposited in the box provided therefor; but that he wilfully and unlawfully concealed divers of said ballots in his pockets and did

not deposit them in the ballot box, and thus wilfully and unlawfully hindered the object of said election. The respondent has demurred to the information, and now claims that there can be no conviction for the act charged because there is no provision of Title 3 that imposed upon him the duty of depositing the ballots in the box.

It is not questioned but that a vote cast under the license law is a "ballot" within the meaning of the term as used in Title 3. We have seen that the only provision in the license law regulating the balloting is that which determines when the box shall be opened and closed—a regulation which differs from that regarding other boxes. The failure to make other regulations evidences an understanding that the provisions of Title 3 relating to local elections were applicable here. It is certain that Title 3 has no provision that expressly imposes upon any one the duty of depositing ballots in a ballot box. But it will be sufficient if different provisions, taken together, establish the duty and point clearly to the one of whom it is required. We have seen that Title 3 provides that a sufficient number of ballot boxes shall be furnished, that each set of boxes shall constitute a polling place for the receiving and depositing of ballots, that only ballots properly indorsed shall be deposited in the ballot box, and that at elections in cities and villages the presiding officer at each polling place shall be the official charged with that duty by the laws relating to such cities and villages. The general law relating to cities and villages, P. S. chap. 158, contains no provision upon the subject. But we have seen that the charter of St. Albans, which is a public act, requires the presiding officer to designate a member of the board of civil authority to act as ward clerk and receive and deposit ballots in the proper boxes at the polling place of each ward. This provision of the charter goes with the provisions of Title 3 by reference, and these provisions together charged the respondent with the duty of depositing the ballots in the ballot box as plainly as if required of him in so many words.

The respondent objects that the information does not show that the meeting was duly and legally warned. The charter of St. Albans provides that its annual meeting for the election of city officers shall be held on the first Tuesday of March at a place to be appointed by the city council, and that notice thereof shall

be posted and published in a prescribed manner. A meeting held without this notice would be illegal and its proceedings void. *Pratt* v. *Swanton*, 15 Vt. 147. In charging an official dereliction in a matter having no connection with the inception of the meeting, it must be made to appear, by some sufficient allegation, that the meeting was a valid one. All the counts are defective in this respect. No further examination of the first four counts need be made.

The allegations of the fifth and seventh counts are sufficient to charge the respondent with the duty of depositing the ballots. The seventh and eighth counts are not defective for want of an allegation that the object of the statute was hindered. There was no improper use of the participial form. See *State* v. *Higgins*, 53 Vt. 191. No further objections to the last four counts are suggested.

*Judgment reversed, demurrer sustained, information adjudged insufficient, and cause remanded.*