# Galen R. and Ruby W. Tracy v. Vinton Motors, Inc.

[296 A.2d 269]

No. 23-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Richard A. Axelrod, Esq.*, Vermont Legal Aid, Inc., St. Johnsbury, and *Lawrence E. Kimball, Esq.*, St. Johnsbury, for Plaintiffs.

*James C. Gallagher, Esq.*, of *Downs, Rachlin & Martin*, St. Johnsbury, for Defendant.

**Barney, J.** On April 9, 1971, the plaintiffs purchased a used car from the defendant. It was a 1969 Oldsmobile Cutlass, and the purchase price was $1895.00. The terms of the transaction were expressed in a written contract. After the trade the plaintiffs became dissatisfied with the condition of the paint on the vehicle and sought to have the defendant repaint it, at a cost of $400.00. This took place on or about May 14, 1971, according to the plaintiffs' pleadings. The defendant had acquired the car about three weeks before the sale from another dealer, and advertised it as a "special". It is not claimed that the defendant was responsible for the allegedly defective paint job. The defendant refused to repaint, proposing some alternative solutions unacceptable to the plaintiffs, not material to the issues before us. Litigation followed.

The lawsuit got no further than the pleadings. The plaintiffs' complaint was based on an implied warranty of merchantability. The defendant filed an answer and both sides filed interrogatories. The plaintiffs moved to amend their complaint to add a count in express warranty and the defendant countered with a motion to dismiss for failure to state a cause of action upon which relief could be granted. The court below denied the motion to amend and granted the motion to dismiss. The questions raised have been brought here.

The historical Vermont tradition of liberality in the allowance of amendments to the pleadings, where no prejudice is involved, has not been abrogated by the new Vermont

Rules of Civil Procedure. Rule 15(a) V.R.C.P. The measures of that liberality have been many times stated in our cases. See, for example, *Swanton* v. *Highgate,* 128 Vt. 401, 402–03, 264 A.2d 804 (1970); *Neverett* v. *Towne,* 121 Vt. 447, 452, 159 A.2d 345 (1960). The presentation of inconsistent claims is permissible under Rule 8(e)(2), as it was under 12 V.S.A. § 1025, and a proposed amendment, otherwise proper, would not be barred on that account.

Thus, the initial question is whether or not the trial court improperly or erroneously denied the plaintiffs their proffered amendment. However, a more fundamental consideration must first be treated. Dismissal of the action was based on a ruling that no cause of action had been stated. If this ruling is correct, even with the complaint being taken as amended as proposed, the disallowance of the amendment is of no consequence. For that reason, we must first examine the case made by the pleadings in that light.

Warranties were dealt with in the written contract of sale, which was incorporated in the pleadings. On the face of the contract, under the heading "Warranty", the choices "New", "O.K. As Is" and "Other" were not marked, but "30 day/1000 miles 50/50" was circled. On the reverse of the form appeared the "Conditions" of the contract. These conditions disclaim any implied warranties, and limit the express warranties to the manufacturer's new car warranty insofar as it is applicable and has not expired.

■ We first consider the thirty day warranty circled on the sales contract. Under the plaintiffs' allegations themselves nothing was done to implement a remedy under that provision within the period. As is set out in 77 C.J.S. *Sales* § 320, at 1172, such limitations on warranties are valid, and it is generally held that as to defects not discovered within the thirty-day period, absent fraud, the risk of loss is on the purchaser. The parties have a right to contract with each other as to the terms and limits of warranty, and such agreements will be binding. *Hall* v. *Hodgdon,* 114 Vt. 63, 67, 39 A.2d 195 (1944). In this case, the time for recovery under this warranty had run, and was no longer available to the plaintiffs.

■ Both of the plaintiffs' remaining claims of warranty require support outside the contract. The proposed amend-

ment to the pleadings, as set forth in the plaintiffs' brief, relates to a claimed oral representation by a salesman of the defendant. Since the transaction was embodied in a written sales contract, which did not include any such warranty and also disclaimed any warranties not acknowledged in the written agreement, *Hathaway* v. *Rays Motor Sales,* 127 Vt. 279, 282, 247 A.2d 512 (1968), bars it as a basis of recovery. See also 9A V.S.A. § 2—202.

The Uniform Commercial Code, Title 9A of Vermont Statutes Annotated recognizes the freedom of parties to make their own bargain, including the disclaiming of any warranties. 9A V.S.A. § 2—316. However, warranties as to merchantability and fitness are subject to special requirements as stated in that statutory provision. The form of effective disclaimer is there spelled out.

In their pleadings in this case the plaintiffs rely on an implied warranty of merchantability. Under the statute, 9A V.S.A. § 2—316(2), "to exclude or modify the implied warranty or (sic) merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous. . . ." Assuming that some manner of merchantability as a characteristic applies to the sale of a used automobile, we find that "merchantability" is mentioned in the contract only in connection with a disclaimer as to new automobiles. A close reading of all of the "Conditions" of the contract on the reverse side might yield an inference that "merchantability" was disclaimed as to used cars, also, but it certainly is not clear and conspicuous enough to comply with the statutory purpose.

What does the term "merchantability" embrace with respect to a new car? While an exhaustive answer is neither possible nor required for the purpose of this case, the issue has had examination. *Adams* v. *Peter Tramontin Motor Sales,* 42 N.J. Super 313, 126 A.2d 358, 364 (1956). Merchantability of even a new car, such as was involved in that case, imported no more than that it be reasonably suited for ordinary use. It does not mean that it be a car perfect in every detail, but only reasonably fit for the ordinary uses it was manufactured to meet. See also 9A V.S.A. § 2—314(2)(c) where the Uniform Commercial Code has adopted this view of merchantability.

■ The implied warranty of merchantability, like that of fitness, is primarily directed at the operative essentials of a product. *Zabriskie Chevrolet Inc.* v. *Smith,* 99 N.J. Super 441, 240 A.2d 195, 204 (1968). It is not intended to guarantee high quality or perfection of detail. *Adams* v. *Peter Tramontin Motor Sales, supra,* 126 A.2d at 364.

One of its principal concerns with respect to new automobiles relates to operational safety. In this connection it may be crucial in attaching tort liability for its breach. *Henningsen* v. *Bloomfield Motors, Inc.,* 32 N.J. 358, 161 A.2d 69, 95 (1960). Neither safety nor tort liability are at issue in this case.

■ Moving from the warranty's application to new cars to its availability in used car sales, certainly its justifiable focus must be on operative qualities, since its application to asthetic items of necessity must yield to age and previous use. *Chamberlain* v. *Bob Matick Chevrolet, Inc.,* 4 Conn. Cir. 685, 239 A.2d 42, 47 (1967). Therefore we hold that the exterior finish on a two year old used car is not, without more, included in any implied warranty of merchantability that may attach to the sale of a used car.

The plaintiffs also bring here an issue involving a claim for counsel fees with respect to an order requiring the defendant to answer a second set of interrogatories. Although the finding of the lower court on the issue of the unjustness of awarding counsel fees is something less than definitive, enough appears from the record of the case, including the relief sought and the circumstances relating to the defendant's objections to the additional interrogation, to establish that this discretionary determination is supportable. The plaintiffs have not shown that the trial court exercised its discretion on grounds or for reasons clearly untenable or unreasonable. *Savard* v. *Cody Chevrolet,* 126 Vt. 405, 413, 234 A.2d 656 (1967).

*Judgment affirmed.*