# Central Vermont Public Service Corporation v. Town of Springfield, Michael J. Knoras, Charles E. Magwire, Jr., Richard A. Moore, George W. Lamb, Chester P. Scott, Jr., Peter MacGillivray and R. W. Beck and Associates

[379 A.2d 677]

No. 142-76

Present: Barney, C.J., Daley, Larrow and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed September 12, 1977

*Paul, Frank & Collins*, Burlington, for Plaintiff.

*John Parker*, Springfield, for Town of Springfield and Selectmen *Leslie C. Pratt* of *Paterson, Gibson, Noble & Brownell*, Montpelier, for R. W. Beck & Associates, Defendants.

**Hill, J.** This appeal arises from a taxpayer's suit brought in Windsor Superior Court by the plaintiff Central Vermont Public Service Corporation, a Vermont public service corporation owning and operating electric distribution facilities in the Town of Springfield. In its complaint, the plaintiff requested that the court declare invalid two contracts, allegedly entered into on July 30, 1974, and April 7, 1975, between the Town of Springfield and a firm of consulting engineers named R. W. Beck and Associates. The plaintiff asked the court to order that all funds paid pursuant to the contracts be refunded to the Town of Springfield, and that the town be enjoined from making any further payments to Beck under the contracts. Cited as party defendants in the action were the Town of Springfield, its selectmen, and R. W. Beck Associates.

Prior to filing any responsive pleading, the defendant Beck filed a V.R.C.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The defendants Town of Springfield and its selectmen filed a similar motion.

In support of its motion to dismiss, the Town submitted an affidavit of the Springfield Town Clerk setting forth the vote of the electorate of the Town of Springfield approving certain articles relating to the subject matter of the disputed contracts. A hearing was held on these motions. Subsequent to this hearing, the plaintiff moved to amend its complaint for a second time to allege the wrongful expenditure by the Town of federal revenue sharing funds and to allege probable knowledge of those expenditures on the part of Beck.

The Windsor Superior Court treated the motions to dismiss as motions for summary judgment and granted them on the ground that the plaintiff's complaint failed to state a cause of action. A separate order was filed by the court denying the plaintiff's motion to amend its complaint. The plaintiff has filed its notice of appeal from both orders entered by the trial court.

This appeal, as briefed by the parties, presents three issues for our determination: (1) Whether the plaintiff had standing to initiate the action; (2) Whether the court erred by granting summary judgment for the defendants on the ground that the

complaint failed to state a claim; and (3) Whether the trial court erred by refusing to grant plaintiff's motion for leave to amend its complaint.

## I.

■■ The plaintiff's action was properly filed as a taxpayer's suit to redress alleged violations by municipal officials of requirements imposed by state statutes and provisions of the town charter.

The basis of actions of this sort is not that any direct loss has been caused to the plaintiff, but that municipal assets have been improperly wasted. 18 E. McQuillin, Municipal Corporations § 52.17 (3d ed. rev. 1963). In Vermont, taxpayer's suits have long been recognized as appropriate vehicles for seeking relief from official action. *E.B. & A.C. Whiting Co.* v. *City of Burlington*, 106 Vt. 446, 175 A. 35 (1934); *Swart* v. *South Burlington*, 122 Vt. 177, 178, 167 A.2d 514 (1961).

The plaintiff has standing to assert these claims.

## II.

■ The trial court in its order treated the motions to dismiss as motions for summary judgment pursuant to V.R.C.P. 56. This was error.

Rule 56(c) permits judgment if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . .

Where any issue of material fact exists, the motion must be denied. *Fonda* v. *Fay*, 131 Vt. 421, 422, 306 A.2d 97 (1973).

When the trial court granted the motions, it had before it only the complaint as first amended and one affidavit which confirmed one of the facts alleged by plaintiff. None of the defendants had answered the complaint, no discovery materials were available to the court and, at the hearing, even the existence of one of the contracts was denied.

With the case in this posture, with unresolved issues of material fact and an inadequate record, the trial court could not grant summary judgment under Rule 56.

Further, no judgment order was issued as required by the Rule.

■ The trial court's dismissal order under V.R.C.P. 12(b)(6) upon the ground that the complaint fails to state a claim upon which relief can be granted was error.

V.R.C.P. 8(a) requires

(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and

(2) a demand for judgment for the relief to which he deems himself entitled.

The plaintiff's complaint as amended met the requirement of fair notice of plaintiff's claim and the grounds on which it rested. *Conley* v. *Gibson,* 355 U.S. 41, 47 (1957).

Plaintiff's action against Beck is founded on the general premise that a municipal contract will be regarded as void if there was a lack of power or discretion on behalf of the municipal authorities executing it. 56 Am.Jur.2d *Municipal Corporations* §§ 495, 502; 10 E. McQuillin, Municipal Corporations § 29.26 (3d ed. 1966). It alleges that the contracts involved here are within the general rule because they were authorized in violation of charter provisions and the requirements of 1 V.S.A. chapter 5, subchapter 2, apparently consistent with each other, relating to executive sessions, actions which may be taken at such sessions, and required notice thereof to news media.

■ In this case, the contracts in question were well within the apparent scope of the municipality's authority. Further, Beck had performed part of its obligations under both contracts. In situations of this sort, we feel that the better rule is that when a municipality has accepted the benefits wrought by performance of a contract invalid for failure to satisfy some formality in its execution, but within the apparent scope of the municipality's authority, it, or a taxpayer suing in its behalf, should not be allowed to recover any funds which have been paid. *Town of New Haven* v. *Weston,* 87 Vt. 7, 14, 86 A. 996 (1913); 56 Am.Jur.2d *Municipal Corporations* § 517.

An exception to the above rule, however, is generally held to exist in those cases where fraud, collusion, or like conduct on the part of the contracting party is made to appear. Annot., 33 A.L.R. 3d 397 (1970).

In considering the propriety of judgments based on the failure of the complaint to allege a cognizable cause of action,

we are mindful of the requirement of V.R.C.P. 8(a), *supra*. This directive clearly envisions the allegation of facts of sufficient clarity and certainty to enable the defendant to file a responsive pleading. *Nishiyama* v. *North American Rockwell Corp.*, 49 F.R.D. 288, 293 (1970). There are no allegations made by the plaintiff concerning any bad faith on the part of Beck in its contractural relationship with the town. The cited exception does not, therefore, apply.

Plaintiff's action against the Town of Springfield and its selectmen is grounded on the violation of the conflict of interest provision of the town charter and the right-to-know provisions of the state law contained in 1 V.S.A. chapter 5, subchapter 2, and the town charter. The relief requested is in the nature of an injunction against further payment by the Town and its selectmen.

This Court concurrently issued its opinion today in *Petition of Central Vermont Public Service Corporation*, 135 Vt. 432, 378 A.2d 510, wherein we declared a violation of the right-to-know statute invalidated the vote of this municipality to construct a municipal electric plant. That holding would be controlling here, if the statutory violation, as alleged, is proven and would be the basis for enjoining any future Town activity under the purported contracts with Beck.

Section 42 of the Town of Springfield Charter provides as follows:

## § 42. OFFICIAL INTEREST IN CONTRACTS

No elective or appointive officer or employee of the town shall take part in a decision concerning the business of the town in which he has a financial interest, aside from his salary as such officer or employee, direct or indirect, greater than any other citizen or taxpayer in the town.

Section 69 of the Town of Springfield Charter provides in part as follows:

(d) Any authorization of payment or incurring of obligation in violation of the provisions of this charter shall be void and any payment so made illegal; such action shall be cause for removal of any officer who knowingly authorized or made such payment or incurred such

obligation, and he shall also be liable to the town for any amount so paid.

The complaint sets out a conflict of interest on the part of the defendant Lamb, alleged to be a partner of the town attorney and thus specifically benefited by the project and incidental contracts authorized by the Board. On the scanty record presented, we are not prepared to hold as a matter of law that sufficient conflict of interest is alleged to void the contracts in question, or to justify the redress sought. It is, however, inescapable that such an outcome might result after full factual development. *Watson* v. *City of New Smyrna Beach*, 85 So. 2d 548 (Fla. 1956). This development should not have been foreclosed by the order of dismissal.

In each instance the remedy requested has been held available by this Court in *E.B. & A.C. Whiting Co.* v. *City of Burlington*, 106 Vt. 446, 175 A. 35 (1934).

### III.

The plaintiff also sought to amend its pleadings. V.R.C.P. 15(a) provides for one amendment of course, thereafter, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

The appellant argues that there is a historical Vermont tradition of liberality in the allowance of amendments to pleadings. *Tracy* v. *Vinton Motors, Inc.*, 130 Vt. 512, 514, 296 A.2d 269 (1972). It also concedes on the authority of *Tracy* that a tendered amendment which leaves the pleadings insufficient to state a claim upon which relief can be granted and thus inadequate as a matter of law would be a useless act. *Foman* v. *Davis*, 371 U.S. 178, 182 (1962); 3 J. Moore, Federal Practice ¶ 15.02, at 815 (2d ed. 1948). This is precisely the issue drawn for review.

The appellant asserts that the amendment sought is not a useless act as to either Beck or the Town of Springfield. It contends that the claim is closely related to the other claims in the case and that it is neither speculative nor futile. The appellees dispute these propositions.

While the trial court issued its order denying the motion for the proposed second amendment without explanation or findings, we believe that the denial as applied to Beck was correct. All the amendment alleged was that taking funds paid

to Beck from federal revenue sharing funds was an improper use of those funds under federal law, and that Beck "probably" had been aware of the source of the funds. As to that defendant, the proposed amendment, standing alone, was so vague, indefinite and conclusory that it patently failed to form a short and plain statement of the plaintiff's avowed claim, nor did it supplement an otherwise deficient pleading rendering it adequate as a matter of law. *Tracy* v. *Vinton Motors, Inc., supra.*

■ As against the Town the amendment seeks a determination that the payments to Beck of revenue sharing funds under the two contracts violated 31 U.S.C. § 1222(a) and accompanying regulations. A taxpayer's action is an appropriate vehicle for testing the legality of municipal expenditures from federal revenue sharing funds. *E.g., Mathews* v. *Massell,* 356 F. Supp. 291 (N.D. Ga. 1973). *Yovetich* v. *McClintock,* 165 Mont. 80, 526 P.2d 999 (1974). We agree this states a claim upon which requested relief from future payments by the Town could be granted.

*The granting of the motion to dismiss and the denial of the motion to amend the complaint are affirmed as to defendant R.W. Beck and Associates and as to defendant Magwire, concededly no longer in office; the granting of the motion to dismiss and the denial of the motion to amend the complaint are reversed as to the other defendants. Cause remanded for further proceedings consistent with this opinion.*