# Petition of Central Vermont Public Service Corporation

[378 A.2d 510]

No. 322-76

Present: Barney, C.J., Daley, Larrow, and Hill, JJ., and Smith, J. (Retired), Specially Assigned

Opinion Filed September 12, 1977
Motion for Reargument denied October 4, 1977

*Paul, Frank & Collins*, Burlington, for Petitioner.

*John Parker*, Springfield, for Respondent.

**Hill, J.** The legal voters of the Town of Springfield, at their town meeting held on March 4, 1975, authorized the town to acquire and construct a municipal electric plant pursuant to 30 V.S.A. ch. 79. The next day, the selectmen of the town met with their attorney in executive session and directed him to notify appellant of those material facts required by 30 V.S.A. § 2906.

The appellant filed an action with the Public Service Board asking the Board to declare such action of the town to be invalid.

This case is an appeal from the decision of the Public Service Board in which it declared valid the action of the Town of Springfield in attempting to establish a municipal electric utility in place of the appellant. It is conceded that the findings of fact filed by the Board are not objectionable. The Board certified the following question:

Did the Public Service Board err in declaring that the Town of Springfield validly invoked the relevant

provisions of the Vermont Statutes in notifying Central Vermont Public Service Corporation of Springfield's intention to condemn Central Vermont's distribution facilities?

The appellant raises two primary issues for this Court's consideration. Its first issue is that the town meeting of March 4, 1975, was not duly warned as required by 30 V.S.A. § 2904. The Board found, and the parties agree, that Section 7(a) of the Springfield Town Charter sets out the requirements for a proper warning.

Section 7(a) provides that:

> Notice of the town meeting shall be posted in at least five public places, including the library and a newspaper of general circulation in the town, at least thirty and not more than forty days prior to the town meeting.

It is undisputed that less than thirty days elapsed between the earliest publication of the warning in a newspaper and the town meeting, even if one counts the date of publication and the date of the town meeting. It is further undisputed that the warning was posted in various public places including the library and the office of the Times Reporter, a local weekly newspaper, within the allotted time period of at least thirty and less than forty days prior to the town meeting.

When a charter prescribes that notice of a town meeting shall be posted in a prescribed manner, a meeting held without the specified notice is illegal and its proceedings void. *State v. Dee*, 83 Vt. 462, 466, 76 A. 151 (1910). The Board, however, did not declare the meeting invalid because of the failure to timely publish the warning, but held that "posting in a newspaper of general circulation in the town" did not mean publishing but meant posting in the office of the newspaper.

If the meaning of the term "posting" was to be in an *office* of the newspaper, the charter would have so stated. The context indicates that posting in a newspaper of general circulation means placing the notice in a newspaper which is then circulated within the community. To hold otherwise could lead to a ridiculous conclusion. In most cases, the newspapers of general circulation in our Vermont communities have their offices in towns or cities many miles distant.

The town contends that even if the meeting was not properly warned, the selectmen attempted on March 22, 1976, to validate the town meeting vote by enacting a resolution pursuant to § 15(e) of the charter. However, as the Board found, this section provides for validation of certain proceedings at a town meeting "Whenever the qualified voters of the town have voted by the requisite majority in favor of any public improvement, and the incurring of debt therefor and such proceedings are defective because of failure to comply with any of the lawful requirements thereof, *although the town meeting was duly warned.*" (emphasis added). Here there was no proceeding which incurred debt, and thus there could be no validation under this section. The Board then concluded that if it is determined that the 1975 meeting was not duly warned, another town meeting would have to be called.

With this conclusion we agree. Having found the town meeting of March 4, 1975, to have been improperly warned, we must reverse the order of the Public Service Board that the Town of Springfield has complied with the requirements of 30 V.S.A. § 2904.

■ The appellant also claims that the selectmen of the Town of Springfield violated the provisions of 1 V.S.A. § 312(a), which states:

> All meetings of any board or commission of any state agency or authority or of any agency or authority of any town, county, municipal corporation, school district, or any other political subdivision, or of any committee of any of the foregoing boards or commissions, are declared to be public meetings open to the public at all times, except as provided in section 313 of this title. No resolution, rule, regulation, appointment, or formal action shall be considered binding except as taken or made at such open meeting.

30 V.S.A. § 2906 provides that, within thirty days after passage of the vote under 30 V.S.A. § 2904, the selectmen of the town shall notify in writing any existing utility in such municipality of such vote and request such utility whether it elects to sell what the municipality proposes to purchase. The selectmen attempted to comply with this notification

requirement by authorizing the Town Attorney to send a letter to the appellant. This authorization to the Town Attorney was found by the Public Service Board to have been made at an executive session of the Board of Selectmen. The Public Service Board found as follows:

> During the above executive session, John Parker, attorney for the Town, distributed copies of a draft letter which he proposed to send to James Griffin, President of CVPSC. After the draft letter was distributed, read aloud and discussed among the Selectmen, Mr. Parker was directed by them to prepare it in final form and send it to Mr. Griffin. At no time did the meeting come out of executive session, nor were the actions taken or minutes kept during meeting ratified in a subsequent public session.

This finding is not contradicted. The appellee does not address this violation of the "right-to-know" statute except to indicate that the town was exonerated after a citizen's complaint of a "right-to-know" violation.

The action of the selectmen in authorizing the Town Attorney to communicate with Mr. Griffin was a formal action which would not be considered binding unless taken or made at an open meeting. Here there was no open meeting. The formal action was taken at an executive session. The notification required by 30 V.S.A. § 2906 was not a valid notice, and thus not binding on the appellant. This also constitutes reversible error.

*The question certified to this Court is answered in the affirmative.*