ISSUE CT Page 5462
Whether the court should deny defendant's motion to dismiss on the ground that defendant has failed to comply with Practice Book Sec. 143.
FACTS
On or about October 11, 1990, plaintiff, Roseann T. Porter, employed defendant, Attorney David M. Somers, to represent her in two pending foreclosure matters. Defendant also undertook to represent plaintiff in the transfer of certain real property owned by her.
On February 26, 1992, plaintiff filed the present two-count action against defendant for damages allegedly arising out of defendant's legal representation of plaintiff. In the first count, plaintiff alleges a breach of the covenant of good faith and fair dealing. In the second count, plaintiff alleges a claim of le malpractice.
On March 9, 1992, defendant filed the pending "Motion to Dismiss or Transfer." Defendant did not file a supporting memorandum of law with his motion. Defendant's motion states that the present matter should be either dismissed or transferred to the New Britain Superior Court due to the existence of a previously pending proceeding involving the same parties, facts and issues. The aforementioned matter was filed by defendant on January 16, 1992 and is entitled David M. Somers Associates, P.C. v. Roseann P. Porter, CV 92-0449855. (See Defendant's Motion dated March 5, 1992).
Plaintiff has filed an opposing memorandum of law dated March 11 and a supplemental memorandum dated March 23.
On March 23, defendant orally withdrew his motion to transfer. (See Defendant's Motion dated March 5, 1992). Accordingly, this memorandum will only address defendant's motion to dismiss.
DISCUSSION
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). The motion "shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book Section 143; Burton v. Planning Commission,209 Conn. 609, 611 n. 2, 553 A.2d 161 (1989).
Plaintiff argues that the motion to dismiss should be denied because defendant has failed to submit a memorandum of law as CT Page 5463 required by Sec. 143 of the Practice Book. In support of her argument, plaintiff cites the superior court case Tan Bac, Inc., v. Kenworth Truck Company, 2 CSCR 277 (February 3, 1987, Noren, J.).
In Tan Bac, supra, the court denied a third-party defendant's motion to dismiss because the movant failed to file a memorandum of law with its motion in compliance with Practice Book Sec. 143. In support of its holding, the court relied on the holding in Executive Rental Leasing, Inc. v. Gershuny, McGettigan, Cameron Agency, Inc. et al., 36 Conn. Sup. 567, 568-69,420 A.2d 1171 (App. Sess. 1980). In Executive Rental, the defendant appealed the trial court's decision granting the plaintiff's motion for summary judgment on the ground that the plaintiff failed to file a supporting memorandum of law with its motion in accordance with Practice Book Sec. 204. Practice Book Sec. 204 provides in pertinent part that
 [a] memorandum of law briefly outlining the claims of law and authority pertinent thereto shall be filed and served by the movant with the following motions and requests: . . . (b) motions to dismiss except those filed pursuant to Sec. 251; . . . and (e) motions for summary judgment.
The court set aside the verdict and in doing so stated the following:
 [t]he requirement of simultaneously filing and serving a supporting memorandum of law with the motion . . . is not merely directory, but must be followed where a seasonable objection to the failure of the movant to comply with the rule is raised by the opposing party. The trial court cannot waive this requirement over objection of the opposing party because the memorandum of law is directed to the opposing party as well as the court. (Emphasis added.)
Id., 568-69.
As in Executive Rental, plaintiff in the present case has raised the issue of defendant's noncompliance with Practice Book Sec. 143. Accordingly, because defendant has not complied with the requirements of Practice Book Secs. 143 and 204, the court denies defendant's motion to dismiss.