[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The issue in this case is whether the court should grant the defendants' motion to dismiss.
It is found that the court should deny the defendants' motion to dismiss because the defendants failed to comply with Practice Book, Secs. 142 and 143.
On July 9, 1990, the plaintiffs, Bradley H.B. Honan, Daniel T.B. Honan, and Edith M.N.B. Honan, all minors, filed a complaint against the defendants, Milton Burton, June Burton and John Burton, alleging a cause of action for intentional infliction of emotional distress. In the claim for relief, the plaintiffs' attorney, Nancy Burton, certified that she has "personal knowledge of the financial responsibility of the Plaintiffs and deem it sufficient to pay the costs of this action."
On August 22, 1990, Attorney Joseph Dimyan, filed an appearance for all defendants. On August 27, 1990, the plaintiffs filed an amended complaint that added a second count for negligent infliction of emotional distress. On December 3, 1990, the defendants filed an answer to the plaintiffs' amended complaint.
On December 9, 1991, the plaintiffs filed a request for leave to file a second amended complaint, and a copy of the second amended complaint. In the second amended complaint, the plaintiffs added a third count for abuse of process; however, unlike the previous complaints filed on behalf of the plaintiffs, Attorney Burton, in the claim for relief, did not certify as to the plaintiffs' financial responsibility.
On November 9, 1992, in lieu of the second appearance filed by Attorney Dimyan on December 13, 1991, the defendants, Milton Burton and June Burton (Burtons), filed pro se appearances; and on December 30, 1992, the Burtons, pro se, filed an answer to the second amended complaint, a special defense, asserting that attorney's fees are not recoverable, and a motion to dismiss signed by Milton Burton. In the motion to dismiss, Milton Burton argues that "[t]he Plaintiffs to this action are minors and therefore can not own property solely in their own name. Therefore, the recognizance clause is invalid and that the Plaintiffs do not meet the financial responsibility requirements." CT Page 3352
On January 5, 1993, the defendant, John Burton, filed a pro se appearance in lieu of the appearance filed by Attorney Dimyan, an answer to the plaintiffs' second amended complaint and special defense.
On January 14, 1993, the plaintiffs filed a memorandum of law in opposition to the motion to dismiss, arguing that the court should deny the motion because (1) the defendants failed to file a supporting memorandum of law, (2) the motion was not filed within thirty days of the defendants' appearances, and (3) the defendants' assertion that minors cannot own property is without support in the facts or the law. In addition, Attorney Burton filed a personal affidavit alleging that she is personally familiar with the plaintiffs' sufficient financial responsibility, and that each plaintiff is ready, willing and able to deposit a cash bond in the amount of $250.00.
According to General Statutes, Sec. 52-185(d), "[i]if there has been a failure to comply with the provisions of this section, or if the authority signing a writ has failed to certify in accordance with any statute or rule that he has personal knowledge as to the financial responsibility of the plaintiff and deems it sufficient, the validity of the writ and service shall not be affected unless the failure is made a ground of a plea in abatement." "Effective July 1, 1978, the motion to dismiss replaced . . . the plea in abatement . . . as the proper procedural vehicle to test the trial court's jurisdiction." (Citations omitted.) Upson v. State,190 Conn. 622, 624 n. 4, 461, A.2d 991 (1983). According to Practice Book, Sec. 142, a defendant filing a motion to dismiss must file the motion within thirty days after the filing of an appearance.
In the present case, the defendant, Milton Burton, filed a motion to dismiss based upon the plaintiffs' financial responsibility, General Statutes, Sec. 52-185(d). The recognizance or responsibility is a condition precedent to the validity of the writ. Barton v. Shea, 4 Conn. Sup. 278,279 (Super.Ct. 1936). However, "[a] complaint which does not contain a bond or recognizance for costs may be amended to include a proper surety. Such a defect is solely for the benefit of the defendant and does not vitiate the court's jurisdiction of the subject matter of the complaint." CT Page 3353 Stephenson, Connecticut Civil Procedure, Sec. 79(g) (2d ed. Supp. 1982); citing Sheehan v. Zoning Commission, 173 Conn. 408,410-11, 378 A.2d 510 (1977). See also Morse v. Rankin,51 Conn. 326, 327 (1883) (where the court noted that the defendant could have waived the defect in the writ by voluntarily appearing and submitting to the jurisdiction of the court). As a result, it is found that a defendant must file a motion to dismiss pursuant to General Statutes, Sec.52-185(d) within thirty days after the filing of an appearance. Attorney Dimyan, on December 13, 1991, filed a second appearance on behalf of the defendants, after Attorney Burton filed a second amended complaint which failed to include a certification as to the plaintiffs' financial responsibility, and on December 30, 1992, more than one year after the filing of the appearance, Milton Burton filed the motion to dismiss. Therefore, it is found that Milton Burton failed to file the motion to dismiss within thirty days as required by Practice Book, Sec. 142.
In addition, Milton Burton did not file a memorandum of law in support of the motion to dismiss. "This motion [to dismiss] shall always be filed with a supporting memorandum of law. . . ." (Emphasis added.) Practice Book, Sec. 143; Burton v. Planning Commission, 209 Conn. 609, 611 n. 2,553 A.2d 161 (1989). See also Porter v. Somers. 7 CSCR 801 (June 22, 1992, Austin, J.) (where the court emphasized that Practice Book, Sec. 143 must be followed where a reasonable objection to the failure of the movant to comply with the rule is raised by the opposing party). Accordingly, since the defendants failed to comply with Practice Book, Secs. 143 and 142, it is clear that the court must deny the defendants' motion to dismiss.
McGrath, J.