[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 9, 1997
This is a foreclosure action in which the plaintiff has moved for summary judgment. The defendant has interposed two defenses to the motion.
 I
The defendant's first claim is that the motion cannot be granted because the plaintiff failed to file its memorandum of law simultaneously with the motion for summary judgment. This filing is required by Section 204 of the Practice Book.
The plaintiff admits the memorandum was not filed simultaneously with the motion, but four days prior to the scheduled hearing.
The purpose of Section 204 is to grant the opposing party notice of the motion and the legal basis for it. The defendant does not claim that notice was inadequate or that it needed time to prepare for argument. Rather, its memorandum in opposition was presented to the court at the hearing.
The defendant cites two cases in support of its position:Executive Rental Leasing, Inc. v. Gershuny Agency, Inc.,36 Conn. Sup. 567 (1980) and Porter v. Somers, 6 CONN. L. RPTR. 547,7 CSCR 801 (1992). Unfortunately, the defendant misstates the holding in these cases. The motions in these cases were not denied "solely on the ground that plaintiff failed to serve and file a memorandum of law with the motion." Rather, no memorandum CT Page 3689 of law was ever filed in these cases prior to the court's consideration of the motions in opposition.
The practice book requirement for simultaneous filing and serving need not be so administered as to create unnecessary filings and unreasonable and illogical results. The court denies the defendant's first claimed defense.
 II
The defendant's second defense is addressed to the specific language of the two mortgages being foreclosed. This language required that notices to cure be addressed to the defendant at the address of the mortgaged property. Obviously, the language was adopted from other mortgages or legal forms without realizing that the mortgaged premises are vacant lots. Notices to cure to these addresses would not have come to the defendant's attention! The notice in question was received by the defendant.
The defendant also complains that the notice to cure was served by only one of the plaintiffs and both are named mortgagees. The court notes that the notice by the plaintiff James Rinere opens with "We have discovered . . ." and goes on to reference "the security of our mortgage(s)." (Emphasis added.)
The defendant cites no detrimental impact on him because of these immaterial and minor deviations from the specific language of the instruments.
CONCLUSION
It is the conclusion of the court that the defendant's claims are without merit. There is no real issue to try and the defendant has presented no evidence of a disputed issue.
The motion for summary judgment is granted.
DeMAYO, J.T.R.