STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| Appeal of Osherenko, et al. | } | Docket No. 79-5-04 Vtec |
|  | } |  |

## Decision and Order on Pending Motions

This matter concerns an appeal by twenty-five individuals[1] (hereinafter collectively referred to as "Appellants") from a decision of the Zoning Board of Adjustment of the Town of Wolcott (ZBA), dated April 9, 2004, granting conditional use approval to Applicants William and Janet Field.[2] Applicants cross-appealed. Appellants are represented by Gerald R. Tarrant, Esq.; Applicants are represented by L. Brooke Dingledine, Esq.; the Town is represented by Alan Thorndike, Esq.

Two motions are presently before the Court: Applicants' Motion to Dismiss the individually named Appellants for lack of standing, and Appellants' Motion to Amend their Notice of Appeal. We address these Motions in turn.

## Background

The following facts are undisputed unless otherwise noted.

1. Applicants William and Janet Field own property on Wolcott Pond in the Town of Wolcott. The property is improved with a camp for which a conditional use permit was granted in 1999.

2. On April 9, 2004, the ZBA granted Applicants an amendment to the previously issued conditional use permit for certain improvements to their camp, including a generator, a deck, side stairs, a driven well, a holding/septic tank, widened access, a gravel driveway, re-vegetation, and plantings.

3.   Appellants filed a timely Notice of Appeal with this Court on May 10, 2004, asserting their party status as interested persons under 24 V.S.A. §4464(b)(4).[3]

## Applicants' Motion to Dismiss

Applicants move to dismiss the primary appeal in this case for lack of standing. Specifically, Applicants argue that of the twenty-five originally named individuals, none signed a petition as required by 24 V.S.A. §4464(b)(4).  Therefore, Applicants argue, the individual Appellants do not qualify as interested persons under that section.  Appellants responded by filing a Memorandum in opposition to the Applicants' Motion to Dismiss with attached copies of the required petitions signed by twenty-one of the twenty-five originally named Appellants.  It is now undisputed that these petitions were filed with the ZBA.

The timely filing of a Notice of Appeal by a qualified appellant is jurisdictional.  In re: Appeal of Emanuel, et al., Docket No. 24-1-00 Vtec (Vt. Envtl. Ct., March 21, 2000).   If a timely Notice of Appeal was filed by one or more persons qualified to file an appeal under 24 V.S.A. §4464(b), then the Court has jurisdiction to hear the appeal.  Id.  Likewise, if no timely Notice of Appeal was filed, or if one was filed by persons not qualified to file an appeal under 24 V.S.A. §4464(b), then the Court has no jurisdiction to hear the case, nor to consider motions to amend, because it has not acquired jurisdiction of the appeal.  Id.

Under 24 V.S.A. §4464(b)(4), "interested person" status to participate in an appeal is provided to "[a]ny ten persons owning real property within a municipality . . . who, by signed petition . . . allege that any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes or terms of the plan or bylaw of that municipality."  24 V.S.A. §4464(b)(4).  The statute appears silent on one of the questions relevant here, namely, is/are the "Appellant(s)" all the individuals listed, or only the group, which consists of the "ten [or more]"

petitioning persons.  The statute offers some guidance, in that it never uses the term "group" and exclusively uses the term "persons."  Also, as noted below, the practice of this Court has been to recognize each of the named individuals as appellants.  We therefore so find here.

Applicants do not dispute that all of the Appellants own real property in Wolcott. However, only twenty-one[4] of the twenty-five originally named individuals signed petitions alleging that the relief requested by Applicants, if granted, would not be in accord with the policies, purposes or terms of the plan or bylaw of the Town.  Therefore, those twenty-one individuals collectively qualify as interested persons under 24 V.S.A. §4464(b)(4). Consequently, the twenty-one originally named individuals establish the jurisdiction of this Court in this appeal.  Applicants' Motion to Dismiss is therefore denied as to these twenty-one individuals.

Applicants' Motion to Dismiss has merit in some regard:  the four originally named individuals[5] who did not sign such a petition have not fulfilled the statutory requirement for party status as appellants and are therefore subject to dismissal as Appellants in this proceeding. However, these four individuals may seek party status in this proceeding under 24 V.S.A. §4464(b)(3) or through intervention pursuant to V.R.C.P. 24.  See Appeal of Green Meadows Center, LLC, Docket Nos. 208-12-01 Vtec (Vt. Envtl. Ct., March 25, 2002) (litigants who do not qualify for party status under 24 V.S.A. § 4464(b) may be permitted to intervene if they qualify under V.R.C.P. 24).[6]

The practice of this Court has been to permit such intervention.  See Appeal of Sparkman, Docket No. 208-11-04 Vtec (Vt. Envtl. Ct., March 22, 2002).  It has also been the practice of this Court where, as here, any ten or more persons file an appeal that conforms to 24

V.S.A. §4464(b)(4), only one filing fee of $225.00 is accepted as payment of the full fee due for the appeal.

Thus, Appellee-Applicants' Motion to Dismiss is denied as to the 21 individuals who signed the petitions and filed them with the ZBA, and is granted as to the four individuals who did not, but with leave for those individuals — Richard Smyth, Marcie Henderson, James Gascoyne, and Kate Gascoyne — to seek party status or intervene upon proper showing, as discussed above.

### Appellants' Motion to Amend Notice of Appeal

Appellants move to amend the Notice of Appeal to reflect that seven of the twenty-one Appellants[7] also qualify as interested persons in this proceeding, pursuant to 24 V.S.A. §4464(b)(3), because each of those seven Appellants own property in the "immediate neighborhood" of the Applicants' property on Wolcott Pond. Applicants argue that to allow such an amendment to the Notice of Appeal would greatly prejudice the Applicants because "Appellants' attorney has been unrelenting in his efforts to attempt to bootstrap adjoining landowner tort claims . . . into the Town zoning matter and now into the Environmental Court."

Nothing precludes an appellant from qualifying under more than one subsection of §4464(b). In re: Appeal of Emanuel, et al., Docket No. 24-1-00 Vtec (Vt. Envtl. Ct., March 21, 2000). Under §4464(b)(3), individuals who own or occupy property in the "immediate neighborhood" of the proposed project may obtain party status. To interpret "immediate neighborhood," the Court examines not only the proximity of the appellant to the project on appeal, but also whether the appellant potentially could be affected by any of the aspects of the project which the zoning laws regulate. In re Appeal of Brodhead, Docket No. E95-057 (Vt. Envtl. Ct., August 3, 1995); In re Appeal of Daniels, Docket No. 58-4-99 Vtec (Vt. Envtl. Ct.,

Sept. 12, 2000); In re Appeal of Gulli, Docket No. 135-6-00 Vtec (Vt. Envtl. Ct., March 22, 2001); In re Appeal of Stanak and Mulvaney, Docket No. 101-7-01 Vtec (Vt. Envtl. Ct., October 15, 2001).

In the present case, the seven Appellants requesting amendment to the Notice of Appeal have submitted affidavits or are referenced therein[8], demonstrating that each either own property abutting Applicants' property, or own property on Wolcott Pond. The proximity element of the "immediate neighborhood" is therefore satisfied as to these seven Appellants.

Because Applicants' conditional use application requests certain improvements to their camp, including a generator, a deck, side stairs, a driven well, a holding/septic tank, widened access, a gravel driveway, re-vegetation, and plantings, those seven originally named Appellants also have established that they could potentially be affected by some or all of the aspects of the project which the zoning laws regulate. These Appellants therefore also qualify as interested persons under § 4464(b)(3).

Both the Vermont Rules of Civil Procedure and the common law tradition of this State encourage the liberal amendment to pleadings where there is no prejudice to the other party. Bevins v. King, 143 Vt. 252, 254 (1983) (citing Tracy v. Vinton Motors, Inc., 130 Vt. 512 (1972)); V.R.C.P. 15; see In re: Appeal of Carmen Murray, et al., Docket No. 227-12-98 Vtec (Vt. Envtl. Ct., March 1, 1999) (granting motion to amend Notice of Appeal to assert necessary grounds for appeal); but see In re Garen, 174 Vt. 151 (2002) (holding that because the Environmental Court is confined to the issues raised in the Statement of Questions, the rules governing pleading in traditional civil cases in that context have no applicability to Environmental

Court cases).  However, "there are limits to the liberal application of these rules; motions to amend may be denied if they have been unreasonably delayed, causing prejudice to the opposing party."  Stratton v. Steele, 144 Vt. 31, 36 (1984).

In the present case, the prejudice asserted by Applicants involves tort claims beyond the jurisdiction of this Court, and not raised in this appeal. Moreover, because we have determined that these seven originally named Appellants qualify under both § 4464(b)(3) and (4), and that no delay is anticipated as a consequence of the Court granting the Motion to Amend, we find that there will be no prejudice to the Applicants if amendment is allowed to the Notice of Appeal to show those seven Appellants as interested persons under § 4464(b)(3) as well.  Therefore, Appellants' Motion to Amend is GRANTED.

Accordingly, based on the foregoing, it is hereby ordered and adjudged that Applicants' Motion to Dismiss is DENIED as to the twenty-one Appellants listed in footnote 4 above, and GRANTED as to Richard Smyth, Marcie Henderson, James Gascoyne, and Kate Gascoyne.  We GRANT Appellants' Motion to Amend the Notice of Appeal to assert standing under 24 V.S.A. §4464(b)(3) as to the seven Appellants listed in footnote 7 above, subject to the filing condition expressed in that footnote.

Done at Berlin, Vermont, this 22nd day of June, 2005

_____

Thomas S. Durkin, Environmental Judge

[1] The twenty-five originally named individuals are Paul Berkman, Julie Hambrook Berkman, Phillip Bertocci, Elizabeth Bourdon, Jordan S. Brener, David Budbill, Mary Jane Dexter, Lois Eby, James Gascoyne, Kate Gascoyne, Sara Glennie, Katherine Glennie, Claudia Gohl, Michael Gohl, Marcie Henderson, Gail Osherenko, Christiana Romero, Robert Schlosser, Janice Roy, Mary Jo Smyth, Richard Smyth, Steven B. Young, Gordon Young, Oran R. Young, and Thomas N. Young.

[2] We concluded that the Applicants were granted conditional use approval by the ZBA from the parties' filings. We note, however, that the ZBA decision has not been submitted to the Court; nor has the Applicants' conditional use application.

[3] 24 V.S.A. § 4464(b)(4), in effect when this appeal was filed (but now superseded by 24 V.S.A. § 4465(b)(4)), provides that an appeal may be initiated by "[a]ny ten persons owning real property within a municipality . . . who, by signed petition to the [municipal zoning] board of adjustment or the development review board . . . allege that any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes or terms of the plan or bylaw of that municipality."

[4] The twenty-one originally-named individuals who signed a petitions filed with the Wolcott ZBA are Paul Berkman, Julies Hambrook Berkman, Phillip Bertocci, Elizabeth Bourdon, Jordan S. Brener, David Budbill, Mary Jane Dexter, Lois Eby, Sara Glennie, Katherine Glennie, Claudia Gohl, Michael Gohl, Gail Osherenko, Christiana Romero, Robert Schlosser, Janice Roy, Mary Jo Smyth,, Steven B. Young, Gordon Young, Oran R. Young, and Thomas N. Young.

[5] The four originally-named individuals not having signed petitions are Richard Smyth, Marcie Henderson, James Gascoyne, and Kate Gascoyne.

[6] The Green Meadows Center appeal was consolidated for purposes of the Decision cited above with the following two other cases: Appeal of Tierney, et al., Docket No. 152-9-01 Vtec and Appeal of Gilberg, et al., Docket No. 179-10-99 Vtec.

[7] The seven Appellants seeking amendment of the Notice of Appeal are Katherine Glennie, Gail Osherenko, Janice Roy, Steve Young, Sara Glennie, Gordon Young, and Nancy Edison.

[8] Of the 7 Appellants listed in footnote 7 above, Steve Young did not submit an Affidavit, but is named in the Affidavit of Janice Roy as her husband and co-owner of their property on Wolcott Road. However, Janice Roy's "Affidavit" is not signed, even though it is notarized. Sara Glennie and Katherine Glennie also submitted unsigned Affidavits to the Court. We assume for purposes of this Motion that fully signed & acknowledged Affidavits were secured from Janice Roy, Sara Glennie and Katherine Glennie. We direct Appellants' counsel to file the same with the Court, with copies to all parties of record. Failure to do so may be grounds for these persons to loose the party status granted to them by this Decision under 24 V.S.A. §4464(b)(3).