Filed 03/30/26

VERMONT SUPERIOR COURT
Windham Unit
7 Court Street
Newfane VT  05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-05466

---

## PE1 Housing LP v. Cheryl Damon

## FINDINGS OF FACT, DECISION AND ORDER

A final hearing on the merits of this ejectment action was held on March 24, 2026. Plaintiff was represented by Attorney Samantha Snow. Defendant Cheryl Damon did not appear but was represented by Attorney Sara Kagle. Testimony was taken from Dallas Kadlik and certain exhibits were admitted. At the conclusion of the hearing the court took this matter under advisement.

Court records and the evidence presented at the hearing establish the following relevant facts:[1]

- On June 24, 2025, Defendant entered into a lease with Windham & Windsor Housing Trust to rent Unit # 4 at 34 Canal St. in Brattleboro, Vermont. This was a single room occupancy rental agreement. Rent in the amount of $ 450.00 was payable on the first day of the month.

- Among the lease provisions was the following:

    ¶ 18. ENTIRE AGREEMENT. This rental agreement, attached HOME addendum (if a HOME unit), Low Income Lease Rider (if a Tax Credit unit), and the House Rules referenced herein, constitute the entire agreement between the parties. This rental agreement cannot be changed orally, and any change, amendment or modification must be in writing and approved by Landlord and Tenant.

    A Low Income Lease Rider was signed that day as were various other addenda. The record does not establish whether the unit was a HOME unit at the time the lease was entered into.[2]

---

[1] The court relies on the credible evidence adduced at the hearing in making these findings by a preponderance of the evidence. The court also takes judicial notice of the parties' filings and the procedural history in this matter. V.R.E. 201(e). Any party objecting to the court taking such notice must file a written objection within five days of this order.

[2] The unit is not presently a HOME unit. Ms. Kadlik could not say whether it was a home unit on June 24, 2025. There was no HOME unit addendum in the file.

- On October 16, 2025, Plaintiff sent a termination notice by first class and certified mail. The notice stated:

    > Please be advised that Windham & Windsor Housing Trust, Inc. (WWHT) is terminating its Rental Agreement with you effective November 20, 2025.
    >
    > Under the terms of your lease and under Vermont law, this Notice is being sent to you at least thirty (30) days prior to the date you must vacate. If you do not make payment of the full amount show (sic) below, you must remove all persons and all personal property from your rental unit on or before November 20, 2025.
    >
    > The amount of rent due as of the date of this letter is $ 900.00.
    >
    > However if payment is made after the first, the amount which must be paid on or before November 20, 2025, to prevent eviction, is $ 900.00 plus monthly rent of $ 450.00, for each month thereafter.
    >
    > for a TOTAL DUE of $1,350.00.

    Defendant received actual notice of the termination of the lease.

- On December 5, 2025, Plaintiff filed this ejectment proceeding in the Windham Civil Division. The complaint sought eviction for non-payment of rent. Attached to the complaint were the following documents:
    Exhibit 1: June 24, 2025 Rental Agreement (5 pages) with the following attachments: Lease Addendum (1 page); VAWA Lease Addendum (1 page); Acknowledgment of Receipt of VAWA documents (1 page); Addendum Regarding Smoke Free Policy (1 page); and, Addendum Regarding Pet Policy (1 page).
    Exhibit 2: October 16, 2025, termination notice (notice of eviction for non-payment of rent).
    Exhibit 3: Certified mail receipt.
    The attachments did not include the Low Income Lease Rider, House Rules or any HOME addendum.

- Defendant was served on December 15, 2025, and timely filed an answer on January 2, 2026.

- As of March 1, 2026, Defendant owed back rent in the amount of $ 3,150.00. Defendant has paid rent in the amount of $ 1,050.00 since taking possession of the unit.

- Defendant remains in possession of the unit.

The evidence establishes that Plaintiff provided Defendant with proper notice of the termination of the lease for non-payment of rent, the lease terminated, and Defendant remains in possession of the unit and there remains unpaid rent.

Vermont law "require[s] 'punctilious compliance with all statutory eviction procedures, including notice provisions.'" *Vermont Small Bus. Dev. Corp. v. Fifth Son Corp.*, 2013 VT 7, ¶ 15 (quoting *In re Soon Kwon,* 2011 VT 26, ¶ 14).

Defendant argues that this proceeding must be dismissed because Plaintiff's complaint is statutorily defective. Pursuant to 12 V.S.A. § 4852, "*a copy of the rental agreement*, if any, and any notice to terminate the defendant's tenancy *shall* be attached to the complaint." *Id.* (emphasis supplied). Defendant argues that the complaint in this matter did not include necessary addenda such as the Low Income Lease Rider and the House Rules. Plaintiff acknowledges that these documents were not attached to the complaint but, in response to Defendant's argument, emphasizes that there is unpaid rent.

The statute is clear that the "rental agreement" must be attached to the complaint. "'Rental Agreement' means all agreements, written or oral, embodying terms and conditions concerning the use and occupancy of a dwelling unit and premises." 9 V.S.A. § 4451(8). As another unit of the Superior Court has recently stated,

> the requirement of 12 V.S.A. § 4852 to attach a copy of "the rental agreement" with the complaint can only mean one thing - the complaint must attach a copy of "the rental agreement" in effect and applicable to the case. The only modifier to "the rental agreement" comes from "if any" which, in this court's view, means "if any exists to attach" in order to provide for the possibilities of no agreement at all or of an oral rental agreement which likewise qualifies as a "rental agreement" under the statute. 9 V.S.A. § 4451(8). *See Jacobs v. Holden Leonard Co.*, 110 Vt. 245, 250 (1939) ("It is a well recognized rule of statutory construction that effect must be given to all the provisions of a statute if possible.").

*Deblasio v. Hathaway*, 2026 WL 491054, at *2 (Vt. Super. Ct., Chitt. Civ. Div. Feb. 11, 2026) (Owyang, Supr. J.). That court noted that the punctilious compliance requirement is draconian. *Id.*

The purpose of a complaint is to provide a defendant with fair notice of a plaintiff's claim is and the ground upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Central Vermont Pub. Serv. Corp. v. Town of Springfield*, 135 Vt. 436, 439 (1977). Similarly, the purpose of the statutory requirement in 12 V.S.A. § 4852 is to assist in providing the defendant with fair notice of the claim[3] – the lease is the agreement between the parties and sets forth the obligations of each. A lease is treated as a

---

[3] Other courts have emphasized the importance of compliance with notice requirements in eviction proceedings. See, e.g., *Woodford v. Phillips*, 2023 WL 9507837, at *1 (Vt. Super. Ct., Winds. Civ. Div. Nov. 28, 2023) (Corbett, Supr. J.) (dismissing proceeding for failure to comply with VAWA notice requirements).

contract. *Mad Partners, LLC v. Fifth Son Corp.*, 2012 WL 8899890, at *2 (Vt. Super. Ct. Wash. Civ. Div. Apr. 12, 2012) (Kupersmith, Supr. J.). "While a binding agreement need not contain each and every contractual term, it must contain all of the material and essential terms" *Quenneville v. Buttolph*, 2003 VT 82, ¶ 16.

It may be that stringent or draconian enforcement of the requirements of § 4852 leads to absurd results where an addendum is utterly irrelevant to the grounds for termination. For example, a pet addendum would likely have little relevance to an action for termination for non-payment of rent. However, the court need not resolve whether stringent compliance is necessary. Given the language of the statute, the court concludes that where a required addendum or attachment that is part of the rental agreement was not filed with the complaint, the burden is on the Plaintiff to establish that the document has no relevance to the proceeding. Plaintiff cannot meet this burden. First, the Low Income Lease Rider is squarely relevant to rent and rent subsidies. Second, there is simply no information in the record regarding the relevance of the House Rules to the payment or non-payment of rent. The court concludes that material and essential elements of the rental agreement were not filed with the complaint. Plaintiff could have sought to cure this defect by amending the complaint but did not do so. The initial complaint did not comply with the plainly stated requirements of 12 V.S.A. § 4852.

This matter is DISMISSED.

Electronically signed: 3/30/2026 11:02:38 AM pursuant to V.R.E.F. 9(d)

_____

John R. Treadwell
Superior Court Judge

As to the facts:

_____        _____
Carolyn Partridge                       Lamont Barnett
Assistant Judge                         Assistant Judge