BENNINGTON REALTY, LLC v.
JARD COMPANY, INC., et al., and
Town of Bennington

[726 A.2d 56]

No. 98-229

January 14, 1999. Defendant Town of Bennington appeals from a summary judgment entered in its favor by the superior court on plaintiff's foreclosure action. According to defendant, the trial court erred by denying its request for attorney fees. We affirm.

The relevant facts are not in dispute. Plaintiff, through counsel, initiated foreclosure proceedings in connection with two parcels of land in Bennington. The Town was one of five named defendants, all of whom were alleged to have some interest in the realty. The complaint recited that the Town was joined by virtue of a tax lien it had recorded on the property. In its answer, the Town asserted as an affirmative defense that under 32 V.S.A. § 5061 its lien was superior to any interest asserted by either plaintiff or any other defendant. Based on that unassailable legal proposition, the Town prevailed on its subsequent summary judgment motion.

In its motion, the Town also sought costs and fees in light of what it characterized as the "patently frivolous nature" of plaintiff's claim against it. Subsequent to its decision on the merits, the trial court conducted a hearing on the issue of costs and fees. At the hearing, the Town indicated that it was basing its request for costs and attorney fees on V.R.C.P. 11. The Town also submitted an affidavit from one of its attorneys averring that (1) he had telephoned plaintiff's attorney prior to filing an answer and secured an agreement from him to dismiss the com-

plaint against the Town voluntarily and (2) the Town filed its answer and summary judgment motion only after plaintiff's counsel took no action to relieve the Town of its obligation to defend itself. The trial court filed a written decision denying the Town's request, and this appeal followed.

Generally, V.R.C.P. 11 imposes on "an attorney or unrepresented party" an obligation to present the court with only those pleadings that assert claims, defenses or other legal positions "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." V.R.C.P. 11(b)(2). The rule contains a detailed mechanism for imposing sanctions in appropriate circumstances against "the attorneys, law firms, or parties that have violated subdivision (b)." Id. at (c). Under this mechanism, a party seeking Rule 11 sanctions must make the request separately from other motions or requests, describe the specific conduct alleged to warrant the sanctions and must serve the motion on the opposing party in question. See id. at (c)(1)(A). Further, the sanctions motion "shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Id.

It is undisputed that the Town did not comply with these requirements, notwithstanding the conversation in which counsel for plaintiff agreed to withdraw the claim against the Town. The Town neither served plaintiff with a separate motion for Rule 11 sanctions nor gave it the requisite 21 days after such service to withdraw the foreclosure claim against the municipality.

According to the Town, the 21-day requirement should not apply in these cir-

cumstances because it sought sanctions only after it had obtained a favorable summary judgment ruling and, thus, "[t]here simply was no offending pleading or paper to be withdrawn." Such a reading of Rule 11 is itself arguably frivolous. The Town's sanctions request was made as part of its summary judgment motion, at a time when plaintiff's complaint was obviously still pending against it; the Town neither made the sanctions motions separately as required nor gave plaintiff and its attorney the requisite 21 days to withdraw any frivolous legal positions. See 5A C. Wright & A. Miller, Federal Practice & Procedure § 1337 (2d ed. Supp. 1998) (noting that, under identical requirements of Fed. R. Civ. P. 11(c), sanctions motion cannot be included in summary judgment motion and failure to comply with 21-day "safe harbor" means motion will be rejected).

Ordinarily, we review a trial court's denial of Rule 11 sanctions for abuse of discretion. See *State v. Delaney*, 157 Vt. 247, 256, 598 A.2d 138, 143 (1991). In this instance, however, we do not even reach the question whether the trial court properly exercised its discretion in denying sanctions and explaining that it saw "no indication that the claim was filed for any improper purpose." Rule 11 sanctions were unavailable to the Town as a matter of law by virtue of its failure to comply with the rule's procedural requirements.

The Town's remaining contention is that, beyond Rule 11, principles of equity and justice required the trial court to award attorney fees in this instance. For this proposition, the Town relies upon our observation in *Cameron v. Burke*, 153 Vt. 565, 572 A.2d 1361 (1990), that "an equity court may grant fees in exceptional cases as justice requires . . . includ[ing] instances where a litigant acts in bad faith or vexatiously and where a litigant's conduct is unreasonably obdurate or obstinate." *Id.* at 576, 572 A.2d at 1367 (citations and internal quotation marks omitted). As was implicit in *Cameron*, Rule 11 is the appropriate vehicle for invoking these principles of equity and justice. See *id.* (holding that Rule 11 provides authority for invoking sanctions in nonequity cases). Thus, a party may not defeat the safe-harbor provision of Rule 11, added to the rule subsequent to *Cameron*, by invoking the same residual powers of equity and justice that form the ·basis of the rule and its requirements.

*Affirmed.*