2004 VT 112

**William M. BOWMAN, III v. James and Renee ACKERMAN, Gary and Lindsay Ryan, Richard Schattman and Ruth Dennis, Lawrence and Barbara Young**

[865 A.2d 1120]

No. 03-404

¶ 1. October 29, 2004. Plaintiff William Bowman III appeals the superior court's order awarding defendants Alan Simoneau and Sal Wiggin attorney's fees and costs as a V.R.C.P. 11 sanction against

Bowman and his counsel for pursuing a frivolous declaratory judgment action against Simoneau and Wiggin. Because Simoneau and Wiggin failed to follow Rule 11's strict procedural requirements, the court erred in granting their motion to sanction Bowman and his counsel. Accordingly, we reverse the superior court's order and reinstate a previous order denying the motion for Rule 11 sanctions.

¶ 2. In June 1999, Bowman filed a declaratory judgment action seeking to resolve issues concerning a right of way located on his property. Bowman named several defendants, including Simoneau and Wiggin, who owned adjacent property. Simoneau and Wiggin filed multiple motions to dismiss, all of which were denied, before Judge Joseph granted their motion for summary judgment in September 2001 and dismissed them as party defendants in the action. In February 2002, Simoneau and Wiggin filed a motion for Rule 11 sanctions against Bowman, seeking an award of attorney's fees and costs incurred in the action. On April, 1, 2002, following a hearing, Judge Jenkins denied the motion because Simoneau and Wiggin had never served Bowman with a separate motion at least twenty-one days before filing the motion in court, as required by Rule 11. The court awarded Bowman $325 in attorney's fees incurred in defending against the motion for sanctions.

¶ 3. Ten days later, Simoneau and Wiggin filed a motion for reconsideration. In February 2003, a final judgment was entered in favor of the remaining defendants. That same month, Judge Joseph held a hearing on the motion to reconsider Judge Jenkins's order denying Rule 11 sanctions. On June 2, 2003, Judge Joseph vacated Judge Jenkins's April 2002 order and awarded Simoneau and Wiggin $14,743 in attorney's fees and costs as a Rule 11 sanction against Bowman for pursuing the declaratory judg-

ment action against them. The court acknowledged that the motion for sanctions did not meet Rule 11's procedural requirements, but concluded that, by requesting the imposition of Rule 11 sanctions in their original answer to Bowman's complaint, Simoneau and Wiggin had provided adequate notice to Bowman of their intent to seek such sanctions if he continued to pursue his lawsuit.

¶ 4. On appeal, Bowman argues that Judge Joseph abused his discretion by awarding Rule 11 sanctions because Simoneau and Wiggin failed to satisfy the rule's strict procedural requirements and, in any event, failed to establish any violation of the rule. Bowman also argues that the court abused its discretion by failing to apply the factors governing imposition of sanctions, by failing to make written findings in support of its order, and by failing to determine the least severe monetary sanction sufficient to deter repetition of the alleged offending conduct. Bowman requests that this Court reverse Judge Joseph's June 2003 order, reinstate Judge Jenkins's April 2002 order, including the award of $325 in attorney's fees, and remand the matter for the superior court to award additional reasonable attorney's fees he incurred in opposing the sanctions motion.

¶ 5. We conclude that Rule 11 sanctions were unavailable to Simoneau and Wiggin because they failed to comply with the rule's procedural requirements; therefore, we do not reach Bowman's remaining arguments. Pursuant to a 1996 amendment adopting the amended federal rule, Vermont's Rule 11 requires that a motion for sanctions "shall be made separately from other motions or requests" and "shall not be filed with or presented to the court unless, within 21 days after service of the motion ... the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." V.R.C.P. 11(c)(1)(A). This provision is intended to mitigate Rule 11's chilling effect by affording litigants some protection against sanctions, to formalize procedural due process considerations concerning notice, and to encourage the withdrawal of offending papers without involving the trial court. 5A C. Wright & A. Miller, Federal Practice and Procedure § 1337.2, at 722 (3d ed. 2004); see *Agency of Natural Res. v. Lyndonville Sav. Bank & Trust Co.*, 174 Vt. 498, 499, 811 A.2d 1232, 1234 (2002) (mem.) ("safe-harbor" provision "is intended to provide protection against sanctions when lawyers or unrepresented litigants timely withdraw or correct potential violations brought to their attention"). In light of these policy considerations, courts, including this Court, have required strict compliance with the rule's procedural requirements before relief may be granted. *Lyndonville Sav. Bank & Trust Co.*, 174 Vt. at 499-500, 811 A.2d at 1234 ("[U]nder the safe-harbor provision, sanctions are generally unavailable, as a matter of law, if the moving party fails to abide by the rule's procedural requirements."); *Bennington Realty, LLC v. Jard Co.*, 169 Vt. 538, 539, 726 A.2d 56, 58 (1999) (mem.) ("Rule 11 sanctions were unavailable to the Town as a matter of law by virtue of its failure to comply with the rule's procedural requirements."); see also 5A C. Wright & A. Miller, *supra*, § 1337.1, at 710-12, & § 1337.2, at 723 (failure to comply with procedural requirements results in rejection of motion for sanctions); *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997) (courts "have found the 'safe-harbor' provision to be an absolute requirement").

¶ 6. Here, Simoneau and Wiggin did not serve Bowman with a separate sanctions motion before filing their motion in the superior court. Further, they did not file their motion in the court until long after they were dismissed from the case. Hence, Bowman was never given the formal notice required by the rule. See

5A C. Wright & A. Miller, *supra,* § 1337.2, at 727 ("'[S]ervice of a sanctions motion after the . . . court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected."). The one-line request for Rule 11 sanctions contained in the answer to Bowman's complaint plainly does not satisfy Rule 11's procedural requirements. Nor does *Divane v. Krull Electric Co.,* 200 F.3d 1020 (7th Cir. 1999), support the notion that it could satisfy the rule, as Simoneau and Wiggin suggest. In *Divane,* 200 F.3d at 1026, the Seventh Circuit Court of Appeals upheld the trial court's post-judgment sanctions award after noting that a previous motion for sanctions had been served on the nonmoving party more than twenty-one days before being submitted to the court and before the court entered final judgment. That was not the case here. Accordingly, Judge Joseph erred by granting the motion for sanctions filed by Simoneau and Wiggin after they were dismissed from the case.

¶ 7. Simoneau and Wiggin argue, however, that, notwithstanding their failure to satisfy Rule 11's procedural requirements, Judge Joseph reasonably determined that an award of attorney's fees was appropriate in this case. We find this argument unavailing. Simoneau and Wiggin sought attorney's fees and costs as a Rule 11 sanction, and both Judge Jenkins and Judge Joseph considered the request under Rule 11. Although attorney's fees may also be awarded in "exceptional cases" in which a litigant acted vexatiously or in bad faith, *Lyndonville Savings Bank & Trust Co.,* 174 Vt. at 501, 811 A.2d at 1236, "a party may not defeat the safe-harbor provision of Rule 11 . . . by invoking the same residual powers of equity and justice that form the basis of the rule and its requirements." *Bennington Realty, LLC,* 169 Vt. at 539, 726 A.2d at 58. In this case, Simoneau and Wiggin

did not demonstrate that Bowman had acted vexatiously or in bad faith, and the superior court made no such finding. Nor did the superior court, on its own initiative, enter an order specifically describing suspected Rule 11 violations and directing Bowman and his counsel to show cause why they had not engaged in the offensive conduct. See V.R.C.P. 11(c)(1)(B) (empowering trial court to enter order, on its own initiative, describing specific conduct that appears to violate rule and requiring party to show cause why rule has not been violated).

¶ 8. Bowman requests on appeal that we reinstate Judge Jenkins's order and remand the matter for a determination of additional attorney's fees he reasonably incurred in opposing the sanctions motion. We agree that Judge Jenkins's order denying Rule 11 sanctions should be reinstated. We decline, however, to uphold the $325 in attorney's fees previously awarded to Bowman or to remand the matter for a determination of additional attorney's fees to be awarded to him. We recognize that the superior court has the discretion to award attorney's fees to parties presenting or opposing motions for sanctions, see V.R.C.P. 11(c)(1)(A), and that a request for attorney's fees on appeal is normally addressed by the trial court in the first instance, with independent review by this Court, see Reporter's Notes, V.R.A.P. 39(f), 1996 Amendment. Here, however, an award of attorney's fees is not warranted. Although Bowman incurred attorney's fees in opposing the motion for sanctions and the motion for reconsideration of Judge Jenkins's order denying sanctions, and also in appealing Judge Joseph's order granting sanctions, the record reveals at least a colorable basis for requesting Rule 11 sanctions against him. Bowman successfully challenged the imposition of Rule 11 sanctions based on the failure of Simoneau and Wiggin to follow Rule 11's strict pro-

cedural requirements, but his declaratory judgment action was the latest in a series of legal actions he had taken against the same defendants to relitigate the same issues. Indeed, defendants prevailed in the declaratory judgment action based on principles of res judicata. Under these circumstances, we decline to remand the matter for a determination of an award of attorney's fees.

*The superior court's June 2, 2003 order is vacated, and the court's April 1, 2002 order is reinstated in all respects, except that the $325 attorney's fee award is stricken.*