Daniels v. The Elks Club of Hartford, Vt., Inc., No. 49-1-09 Wrcv (Eaton, J., Feb. 26, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT
## WINDSOR COUNTY

RICHARD DANIELS     )
             )  **Windsor Superior Court**
v.            )  **Docket No. 49-1-09 Wrcv**
             )
THE ELKS CLUB OF HARTFORD, VT., INC., )
VERMONT HUMAN RIGHTS COMMISSION, )
WALTRAUD KIELLY, MARILYN McMILLAN,)
JANE THIBODEAU, MAYLEEN E. CAMERON,)
WATTS LAW FIRM PC,     )
and BEST BINGO SUPPLIES, INC.   )

### DECISION ON INTERVENOR'S MOTION FOR ATTORNEYS' FEES

Intervenor Mascoma Savings Bank seeks an award of more than $50,000 in costs and attorneys' fees under an exception to the American Rule that permits such awards in cases where the opposing party has acted in bad faith, or where the opposing party's conduct in prolonging the litigation has been "unreasonably obdurate or obstinate." See *In re Appeal of Gadhue*, 149 Vt. 322, 327 (1987) (describing exception). Mascoma contends that an award is appropriate here because the gender discrimination creditors "forced" the bank to intervene in two separate lawsuits.

In response, the gender discrimination creditors argue that an award is inappropriate given that the bank was not named as a party in either lawsuit, but rather voluntarily chose to intervene. The creditors further point out that the present foreclosure proceeding was not initiated by them, but rather by the senior mortgagee. Finally, the creditors contend that this round of litigation has not been duplicative within the meaning of *Gadhue*. The creditors also seek their own award of fees and costs "for defending against the meritless and highly unusual motion."

It is the general rule that parties must bear their own attorneys' fees in the absence of a contractual or statutory provision to the contrary. *DJ Painting, Inc. v. Baraw Enters., Inc.*, 172 Vt. 239, 246 (2001). Courts may nevertheless consider an award of fees "as the needs of justice dictate . . . in exceptional cases and for dominating reasons of justice." *Id*. (quoting *Gadhue*, 149 Vt. at 327; *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 167 (1939)). An award under the equitable exception may be considered in cases where "where the litigant's conduct can be characterized as unreasonably obdurate or obstinate, and where it should have been unnecessary for the successful party to have brought the action." *Gadhue*, 149 Vt. at 329 (internal quotations omitted). In other words, the equitable exception applies in situations where "a litigant was compelled to appear twice before [a tribunal] in order to obtain relief which should have been forthcoming after the first appearance." *Monahan v. GMAC Mortgage Corp.*, 2005 VT 110, ¶ 77, 179 Vt. 167 (internal quotation omitted).

The relevant circumstances here began taking shape years ago. Mascoma Savings Bank was the senior mortgagee on the Elks Club's lodge in Hartford. The gender discrimination plaintiffs subsequently commenced a lawsuit against the club and obtained a writ of attachment on the lodge. The lawsuit eventually resulted in a verdict and a substantial fee award in favor of the gender discrimination plaintiffs. Both the judgment and the fee award are secured by the junior attachment.

Mascoma thereafter sold the mortgage to Richard Daniels, who is a member of the club. Mr. Daniels apparently initiated non-judicial foreclosure proceedings on the lodge.

The gender discrimination creditors protested the non-judicial foreclosure, and sought preliminary and permanent injunctions from the Washington Superior Court (where the underlying litigation had occurred). Judge Toor held an evidentiary hearing and issued a written decision denying the creditors' requests for relief. She explained that the creditors had not established entitlement to an injunction because they had not been harmed by the assignment of the mortgage. They were in "exactly the same position" as if the bank itself had initiated foreclosure proceedings.

Mr. Daniels nonetheless did not pursue non-judicial foreclosure. He instead filed a complaint for judicial foreclosure in the Windsor Superior Court (where the lodge is located). He named the gender discrimination creditors and the other junior secured creditors as defendants pursuant to V.R.C.P. 80.1(b)(1). He did not name Mascoma Savings Bank as a party.

The gender discrimination creditors and another junior creditor, Watts Law Firm, filed answers asserting a number of legal and equitable defenses to foreclosure. A flurry of motion practice followed. Mascoma intervened in the proceedings and filed memoranda and motions.

The undersigned granted summary judgment in favor of the senior mortgagee in a lengthy decision. The rulings necessary to formulate a judgment of foreclosure were that (1) there was no defect in the promissory note; (2) defendants were not entitled to an inference of wrongdoing arising out of the fact that the bank made advances and deferrals on the mortgage at times after the junior attachments were recorded; (3) the fraudulent conveyance statute did not apply; (4) the doctrine of merger did not apply; (5) the senior mortgagee was not personally liable on the underlying discrimination judgment; and finally that (6) the junior secured creditors were not entitled to equitable relief because they had not been harmed by the assignment of the senior mortgage. See *Decision on Pending Motions* at 4–11.

Of all of these issues, the only one that was common to both proceedings was the question of whether the gender discrimination creditors had been harmed by the assignment. Even then, the court was required to decide the issue anew for the benefit of the other junior creditors who had not been parties to the earlier litigation—such as Watts

Law Firm.  On this point, the court explained in detail that (1) the senior mortgage predated the junior attachments by at least fifteen years; (2) the junior creditors were on notice of the senior mortgage at the time they recorded their attachments; (3) the assignment changed nothing except the name of the mortgagee; (4) there would be no windfall because the proceeds from the judicial sale would be distributed to the senior mortgagee only to the extent of the value of the mortgage and the associated expenses, whereas any surplus would be paid to the junior lienholders; and (5) the judicial sale procedures would provide a bulwark against the possibility of a fraudulent transfer of property.  See *Decision on Pending Motions* at 10–11.  And although there may have been some overlap and similarity between these rulings and Judge Toor's rulings in the earlier proceeding, it was necessary to make the rulings in this case anyway because some of the defendants had not been parties to the earlier litigation.

In other words, the present litigation was not a second or superfluous trip through the state court system.  It rather involved numerous rulings by the court that were necessary to formulate the judgment of foreclosure.  The end result was that the senior mortgagee established—for the first time—a right to judicial foreclosure by sale.  The *Gadhue* exception does not support an award of fees under these circumstances.

Nor has either party made out a claim for an award under Rule 11 or some other theory of "bad faith."  *Bowman v. Ackerman*, 2004 VT 112, ¶ 7, 177 Vt. 589 (mem.); *Cameron v. Burke*, 153 Vt. 565, 576 (1990).  The litigation was certainly hotly contested, but the court is not persuaded that any party acted in bad faith or otherwise crossed the lines set forth by Rule 11.

## ORDER

Mascoma Savings Bank's Motion for Costs and Attorneys' Fees (MPR #22), filed December 14, 2009, is ***denied***.  Defendants' request for an award of costs and attorneys' fees, filed December 29, 2009, is also ***denied***.

Dated at Woodstock, Vermont this _____ day of _____, 2010.


_____
Hon. Harold E. Eaton, Jr.
Presiding Judge