Filed 02/24/25

| | | |
|---|---|---|
| VERMONT SUPERIOR COURT |  | CIVIL DIVISION |
| Orange Unit | | Case No. 24-CV-00731 |
| 5 Court Street | | |
| Chelsea VT  05038 | | |
| 802-685-4610 | | |
| www.vermontjudiciary.org | | |

**Christopher Luce et al v. Matthew Pierson et al**

# ENTRY REGARDING MOTION

Title:      Motion to Amend Answer to Allege Counterclaims (Motion: 9)
Filer:      Christian Chorba
Filed Date: January 23, 2025

The motion is GRANTED.

Defendants Matthew and Jamie Pierson seek to amend their answer with the addition of six counterclaims.  These include claims for (1) declaratory judgment; (2) trespass; (3) conversion; (4) intentional infliction of emotional distress; (5) tortious interference with contract; and (6) filing an improper lien.

Defendants claim that all six of its counterclaims arise from Plaintiff Christopher Luce's actions toward the Piersons, their property, and the right-of-way.  In reviewing the proposed counterclaim pleading, the allegations, as stated, do correspond to these issues.  They appear to arise from the same or similar set of facts that gave rise to Plaintiffs Christopher Luce and Linda Bonnett's original complaint, or they bear some direct relationship to the parties' actions since litigation commenced.

Plaintiffs have filed an opposition to this motion to amend.  Plaintiffs' response notes that Defendant's filing lacks a certificate of service; that the complaint contains "erroneous background and title information," which Plaintiffs believe are in violation of V.R.C.P. 11.  Plaintiffs also contend that the counterclaims were filed for an improper purpose, specifically to induce Plaintiffs to withdraw their complaint and intimidate them.

## Standard of Review

A motion to amend a pleading is governed by Rule 15 of the Vermont Rules of Civil Procedure.  Under V.R.C.P. 15(a)(2), there is a presumption that a motion to amend should be

granted in most cases. The Court is to "freely give leave when justice so requires." V.R.C.P. 15(a)(2). The "trial court must be mindful of the Vermont tradition of liberally allowing amendments to pleadings where there is no prejudice to the other party." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 4 (citing *Tracy v. Vinton Motors, Inc.*, 130 Vt. 512, 513 (1972)). A motion to amend, however, may be denied if the motion to amend demonstrates undue delay, bad faith, a futility to the amendment, and prejudice to the opposing party. Id. (quoting *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313 (1982)).

The issue of prejudice has been defined by federal courts, which have applied the federal analog to Rule 15, in three ways.[1]

> In determining what constitutes "prejudice," courts consider whether the proposed amended complaint would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.

*Park B. Smith, Inc. v. CHF Industries, Inc.*, 811 F.Supp.2d 766, (S.D.N.Y. 2011) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d. Cir. 1993).

## Legal Analysis

In the present case, it appears that the Defendants have elected to file counterclaims following the unsuccessful resolution of the present matter at early mediation. The present case was filed approximately one year ago, but much of the ensuing time has been focused on preliminary matters, specifically the preliminary injunction, motion to clarify, motions for joinder of parties, and efforts to resolve the case through mediation. While there has been some discovery, there has been no discovery schedule entered in this matter to set discovery deadlines. The case is not presently set for trial, and there is no indication in the record that the parties have completed discovery or are prepared to move forward to trial. While this case is not new, it is not so advanced that there is an issue of timeliness or prejudice arising from the proposed amendments. In granting the motion to amend, the Court recognizes that there will be additional time and expense for the parties as these counterclaims expand the scope and nature of the present litigation, but the issue of prejudice goes

---

[1] When a state rule of procedure is identical to an equivalent federal rule of procedure, the Court may look to federal caselaw when interpreting and applying the rule. *State v. Amidon*, 2008 VT 22, ¶ 16. In this case F.R.C.P. 15 and V.R.C.P. 15 are nearly identical and are equivalent in their standards.

to the question of whether the delay in amending a pleading, in and of itself, creates an obligation for a party to "expend significant additional resources" or "significant delay." In this case, the Court finds no significant expense or delay that would attach to the case merely because the Defendants' counterclaims are added now, as opposed to being added at the outset. Based, on this, the Court finds no prejudice in the proposed amendment.

This brings us to Plaintiffs' specific objections. The first objection concerning a certificate of service appears to be mistaken as Defendants filed a certificate of service on January 24, 2025, and based on Plaintiffs' timely objections, it appears that they did, in fact, receive a copy of Defendants' motion.

Plaintiffs' second objection challenges the factual basis of the complaint and alleges that some of the facts in the counterclaims are "slanderous and false." Plaintiffs' motion does not specify what facts they believe to be false or how the court would understand that such facts are false. Under Vermont law, a pleading is not the place where fact-finding or determinations are made as the requirement for such pleadings is minimal and allows parties to make representations to best of their belief and understanding. *Bock v. Gold*, 2008 VT 81, ¶ 4 (noting that the threshold for a party to cross to meet Vermont's notice-pleading standard "exceedingly low"); see also V.R.C.P. 11(a) (noting that pleadings do not have to be verified or accompanied by an affidavit).

To the extent that Plaintiffs believe that Defendants have included "slanderous" statements in their pleadings, Plaintiffs' filing is insufficient on two grounds. First, Plaintiffs' response does not specify what statements are slanderous or how such statements meet the definition of slander or defamation. *Lent v. Huntoon*, 143 Vt. 539, 545–47 (1983) (outlining the elements of slander). Second, and perhaps more importantly, Plaintiffs' objections do not account for what is known as the litigation privilege. *Talander v. Manchester-Murphy*, 2024 VT 86, ¶¶ 13–19. The litigation privilege provides absolute immunity against defamation or slander claims based on a party's pleadings or statements made in court. Id. It allows parties to file statements, in what is often an adversarial process, without fear that the act of asserting the claim will generate new liability. Id. Under this doctrine, "it does not matter if the facts are known to be false and made with malice." Id. at ¶ 13. The litigation privilege allows a party to act freely in drafting and filing their pleadings with the understanding that the discovery and litigation process will act to sort out true and verifiable statements.

Plaintiffs also assert that some of Defendants' statements are outright and knowingly false. Plaintiffs state that these statements violate the standards of Rule 11, which states that any pleading must certify:

> that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

V.R.C.P. 11(a) and (b). A party seeking to strike or block a pleading on Rule 11 grounds carries a significant procedural and substantive burden. See *Bowman v. Ackerman*, 2004 VT 112, ¶¶ 5–6 (denying Rule 11 sanction for failure to meet both substantive and procedural burdens to establish a Rule 11 violation). Specifically, the Court would note that the standards listed above for Rule 11 sanctions require the filing of a separate motion that sets out the objections with some specificity. V.R.C.P. 11(c). This motion must be filed with the opposing parties no less than 21 days prior to any court filings. *Bowman*, 2004 VT 112, at ¶¶ 5–7. Given this lack of both a Rule 11 motion and lack of any evidence that they objections have been filed in compliance with the 21-day safe harbor provisions, the Court cannot consider a request for Rule 11 sanctions at this time.

As to Plaintiff's final allegation that the motion to amend is being filed for an improper purpose, there is scant evidence, apart from Plaintiffs' characterization, that would show such improper purpose. Against such allegations, the Court recognizes that a party has a right to amend consistent with Rule 15 to bring claims that it previously had not raised. Such a right to raise claims is an important right consistent with the Vermont Constitution that gives all persons in the state the right to seek remedies and redress within the court system. Vt. Const., Ch. 1, § 4. In this respect, the Court must balance Plaintiffs' allegations against Defendants' fundamental rights. Given the lack of any specific evidence of bad intent, the Court cannot conclude for purposes of Rule 15 that

the timing of Defendants' motion demonstrates a bad intent that would overcome their inherent right to amend and bring claims to which they have a right to assert.

Finally, the Court in reviewing the motion to amend, the proposed counterclaims, and the parties' filing, does not find that the proposed amendments would otherwise violate the standard of Rule 15(a) if allowed. As noted in *Colby*, Rule 15 should be applied liberally to allow amendments where there are not significant issues of prejudice, undue delay, bad faith, or a futility to the amendment. *Colby*, 2008 VT 20, at ¶ 4. As noted above, neither the filings, nor the circumstances demonstrate either prejudice in the amendment or undue delay. While Plaintiffs allege bad faith in Defendants' actions, there is no specific evidence that would support such a conclusion.

This leaves the question of futility. In this case, Defendants claims have sufficient merit to survive a threshold review. In coming to this conclusion, the Court is taking no position on what the facts in this case may ultimately prove to be when the case is tried or reviewed at a later stage. It simply finds that Defendants have met their threshold obligation of putting forward allegations that support a legal claim that if proven would entitle them to monetary damages and injunctive remedies. This is sufficient to meet the burden for purposes of a Rule 15 analysis.

## **ORDER**

Based on the analysis above, the Court finds that Defendants have met their burden under Rule 15 to amend their answer to include the proposed counterclaims. The proposed pleadings accompanying Defendants' motion are accepted and allowed. Plaintiffs shall file an answer to Defendants' counterclaims no later than 21 days following the issuance of this Order in conformance with V.R.C.P. 12(a). The Court will set this matter for a discovery conference at which time the parties shall be prepared to file a joint schedule for any discovery remaining in this matter and to set deadlines for trial readiness.

Electronically signed on 2/24/2025 2:31 AM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge